There are several consolidated cases here, and I think the lead case is Birch. Birch, right, right, right. That's the way we saw it. Yeah. Well, good morning, Your Honor. I'm Tom Dressler. I represent the Grammar Appellants. With the kind permission of Ms. Hapkin, who represents the other appellants, I will be arguing for all of the appellants this morning. The case before you is two straightforward issues of law and two issues of narrow scope, but I think a great deal of importance. I just wanted to take up, of course, to respond to your questions, and I would like to focus on the central question. The big money issue here is whether this sanction statute, 303I of the Bankruptcy Code, permits the award of fees incurred in litigating the entitlement to fees. Of course, you're assuming your conclusion by saying it's a sanction statute. Yes, I am, and it clearly is. The provisions of that statute are triggered by a finding of impropriety under all the circumstances under the Vortex case. Well, so is EJA, isn't it? Pardon me? So are EJA equal access to Justice Act fees? You have to find that the government position is not substantially justified, and that's been held to be a fee-shifting statute. Yes, but here it's a totality of the circumstances, and the factors to be considered relate to the good faith of the litigants and whether or not they rely upon frivolous arguments in their presentation. So it's not purely a determination based on one issue, substantial justification of a legal position. Well, frivolous position, substantial justification are pretty much the... That's true, but the factors to be considered... I would cite the same point. They overlap to some extent, but the factors under 303i are much broader. Well, let me just ask you this. If it is, if the statute is construed as a fee-shifting statute with attorney fees and costs as part of the not wholly automatic award, but certainly presumed award subject to the petitioners, unsuccessful petitioners, defending what they did and seeking an exemption, does the fact that a statute then goes on to provide for compensatory and punitive damages, does that make the... Does that mean that even under subsection 1, that alone is a sanction statute? What I'm arguing is that this is a sanction statute because it is triggered by a finding of impropriety based in least in part upon considerations of bad intent and considerations of tactical misuse of litigation. And I would say that under any statute that is triggered by those considerations that it is a sanction statute. But in the statute itself, it really doesn't talk about that. It only talks about if it dismisses the petition under this section. Yes, but the standards to apply that are set forth in the Vortex case. And the Vortex case very clearly says the standards to be considered include elements of evil intent and it leaves open the possibility of a pure heart, empty head defense, if I may call it that. And Vortex is the binding interpretation of the statute. And under Vortex, I think it quite clearly is a sanction statute. However, there is a bankruptcy rule, 9011, which has some application to what could happen in a particular case such as this. That's correct. And this is not 9011 in any event. That would be a totally sanctionable statute. Yes. 9011 seems to me... Bankruptcy rule. Bankruptcy rule 9011 appears to me to be triggered by the same sorts of conduct and the signing by a lawyer or a party of a pleading that offends the terms of 9011. 9011 is itself a sanction statute, as this Court has held. And I don't think there's a material difference other than the parties at whom these statutes are aimed between 9011 and 303I. Well, Higgins or Vortex, as you call it, we said, although we adopt the totality of the circumstances test as the appropriate standard under any section 303, Romanette, I guess, is the word we've learned from the Supreme Court. One, we do not abandon the premise that any petitioning creditor in an involuntary case should expect to pay the debtor's, attorney's fees and costs if the petition is dismissed. That's correct. It's a matter of procedure. It's in accord with the language. It presumes, rebuttable as we held, but presumes that the fees will be paid. Yes. All right. So you're saying that because, in that case, the Court said there may be exceptions where the fees ought not to be paid, that converts it into a sanction statute. Yes, in essence, I am. What you're referring to is a procedural matter. Well, no, and I just want to make sure we're understanding you, because there's one thing to say, as the second part of the statute does, that if you establish, that is, if the debtor establishes bad faith, then the debtor could be accorded compensatory damages or even punitive damages. That's a material distinction within the plain language of the statute. That is correct. Under, which is not dealt with in Higgins' vortex at all. We didn't address it. The question was, is there some relief to the petitioners available, a defense, if you will, some way they can rebut the presumption? And you don't see any material. You're saying because of allowing the petitioner to advance some reason they should escape this, that it's this presumption that it converts it into a sanction statute. I am saying that with one additional point. Okay. The matter, the substantive factual matter on which you can defend against the presumption, can center on your good faith, on mistakes of fact and law, on all of the usual things that are considered in a sanction statute. But that's not in the context of the debtor having to prove that. That is allowing you, the petitioner, to get off the hook. Yes, but that is merely a procedural allocation of the burden of proof. Substantively, the issue is the same. If the Court is satisfied applying the evidentiary presumption that you've referred to, and the facts before it, that on the totality of the circumstances, it has an improperly prosecuted involuntary bankruptcy petition, then it will award the fees. It is a sanction statute because of the substance of the conduct it seeks to regulate. It does not reflect, on the face of the statute or in the vortex opinion, any determination as, for example, in the civil rights statutes, that as a matter of policy, fees should always be paid by the losing party. And that is why I consider it a sanction statute. But neither is Egypt, for that matter. That's true. But as I understand the equal access to justice statute, the question of the government's good faith or the government's intent is not a relevant thing. It's a purely objective inquiry as to whether the government had a substantial basis for taking the position that it took. And that's a substantial difference. Here we have a statute that merely allocates the burden of proof procedurally, but the substance of the fact issues that result in the sanction are all related to a claim of improper conduct by the petitioning creditors. And that is why it is a sanction statute. Under the totality of the circumstances test, however, there are four factors we use, correct? That's correct. But there's expressly a non-exclusive list. Well, I understand that. Non-exclusive list also seems to suggest that, not necessarily as a sanction statute. I mean, the factors, the merits of the involuntary petition, if that were the only factor, you wouldn't suggest that was a sanction statute, would you? If that were the only factor, I would say it's much more close to the equal access to justice. The reasonableness of the actions taken by the petitioning creditor, you wouldn't say that is a sanction. I would say that's getting pretty close to subjective questions of intent, and I would say that shades it more towards being a sanction statute. Well, all I'm trying to say is it seems to me that the courts use a totality of circumstances test, and it really talks about what a judge may do, what they may do in determining these considerations. We're talking about totality of the circumstances. What you're suggesting is, because of some of the factors that may be there, that it makes it into a sanctionable statute. Having allocated some of those costs before, the merits of the involuntary petition are a lot easier to establish as a judge than all of these others, the role of improper conduct, all that stuff. In fact, the majority of us would stay away from those factors. Yes, I think that that is true. And that's what makes me worry when you say it's always a sanction statute. It talks about general factors. It doesn't talk about anything to do with what must be considered, just the general factors we look at. And if we have other factors, again, why does that make it a sanction statute? And then why is Rule 11 a sanction statute? Rule 11, you're asked to consider whether there was a substantial basis in fact and law for a particular pleading. And Rule 11 is treated as a sanction statute. Here, the court is asked to consider, even though the burden of proof is allocated to the petitioners, the court's asked to consider a variety of factors. Let's look at one of those four factors, improper conduct by the petitioning creditor. That is a subjective factor. That is a factor relating to the party's intent to the question of whether the petitioning creditors may have made a not very well-thought-out response to some bad act by the petitioning creditor. Those are all matters that go to overall intent, go to purity of heart, and go to the subjective determinations that motivated the filing of the petition. And in substance, that is what makes it a sanction statute. And if I may make one other point, whether it's a sanction statute or not, it's a statute that is silent as to whether fees on fees should be awarded. The reason why the Ninth Circuit has persistently required an express provision in a statute before it awards fees on fees goes back to the Cooter and Gehl case, where the Supreme Court focused on causation. The Supreme Court said under the original Rule 11, as interpreted by this Court, that the problem with fees on fees is you cannot say they were directly caused by the offending conduct. Now, whether this is a sanction statute or not, that concern is equally valid. You have a statute that's silent on fees on fees. You have a substantial body of jurisprudence in this Court saying that where a statute is silent, you will not award fees on fees unless there is a – unless there is some express statutory mandate. Well, the problem is, is that when you read the statute, the fact that it doesn't say that a reasonable attorney's fee is absolutely something you should not award as to bringing the action or defending the action, that the statute is pretty clear where to award a reasonable attorney's fee in every part of the case. The statute says – there's no words in the statute that I read suggesting that. Well, it doesn't say anything not. It just says a reasonable attorney's fee. And the same thing could be said of the original version of Rule 11, where this Court refused to permit fees on fees because it wasn't expressly authorized. Well, but Rule 11 is not a mandate by Congress, either. I think that Rule 11, in the sense of not having been taken back by Congress, given its power to alter the Federal rules of procedure, does have a mandate from Congress. It's one that's expressed by not exercising its power to undo it. Now, my time is fleeting. I would like to reserve a minute for rebuttal, and I'd like – unless you have other questions for me, I'd like to turn for a moment to the punitive damage question. We've only got a minute total left. Then I will reserve my time for rebuttal. Thank you. Good morning, Your Honors. I'm Todd Runstad. I'm counsel for seven California Sunbelt developers in the proceedings, but given the fact that we have identical actions pending, I will be appearing for both of the – for the appellees in both of the actions this morning. I think we have to start with the plain language of the statute. And when you look at Section 303I, it's very clear that this is a fee-shifting statute and not a sanctioned statute. It starts out with I-1 that the court, if the petition is dismissed, can grant to the petitioners – can grant against the petitioners in favor of the debtor for A, costs, or a reasonable attorney's fee. And then you get to the second part of the statute, 2, against the petitioner that filed in bad faith for any damages proximately caused by the filing or punitive damages. So the court, when Congress enacted this, they clearly intended that the petitioning creditors in filing an involuntary petition would be aware of the fact that if the petition were dismissed, they were potentially liable for all of the costs of that proceeding. That would include the attorney's fees incurred by the alleged debtor. This is very, very similar to the language in other fee-shifting statutes. In Section 42 U.S.C. 1988, the Civil Rights Statute is an example of that. In that – in interpreting that statute, the court has held that the fees incurred in litigating the right to the fee award are, in fact, compensable. But the Mendez case, which is a case we cited actually under the punitive damages issue, actually weighs in on this issue as well. And in Mendez, the Ninth Circuit stated, in looking at 1988, and I quote, fee awards should be the rule rather than the exception. Note how similar that is to the language of the Ninth Circuit in the Higgins v. Vortex case, when the Ninth Circuit said, in this context, any petitioning creditor in an involuntary case should expect to pay the debtor's attorney's fees and costs if the petition is dismissed. There's a real symmetry there in the statutes, and I think a symmetry in their application. Certainly, Congress, in enacting this statute, was not contemplating that the court would only have the authority to award a reasonable attorney's fees for a part of the proceeding. And there's no suggestion in that language. There's no way to read that language in that fashion. So I do think that the right analogy here is the fee-shifting statutes, and I think under those statutes, the Ninth Circuit has made it very clear that the proponent party is entitled to their attorney's fees incurred in obtaining the fee award itself. Well, what do you make of Higgins? I call it Higgins. Higgins, Vortex, whichever, which does superimpose a gloss on the statute which says that the unsuccessful petitioners can get off the hook if the district and the district court is supposed to consider these under the totality of circumstances approach. And as counsel pointed out, a lot of those do go to good faith or justification. So why doesn't that gloss tip it toward a sanctioned statute as opposed to a plain old fee-shifting statute? 1988 doesn't have that kind of stance, does it? Well, I'm not sure that's the case. I mean, again, go back to that language in Mendez. It doesn't say ñ Mendez does not say that under 1988, the prevailing party shall be entitled to their attorney's fees under every situation. What it says is the award should be the rule rather than the exception. So clearly there's a concept that there might be an appropriate case where there's some exception to that rule under certain circumstances. I think ñ frankly, I think a court would have a very difficult time finding a circumstance in which an award of fees under 303I1 would not be granted when the petition is dismissed. And it would have to be a very close case in which perhaps the petition were dismissed on some technicality. Because the presumption under the rule, the presumption under that statute, is that fees will be awarded to the alleged debtor when the petition is dismissed. So I do think that clearly the intent of Congress here is to compensate that alleged debtor for all of their costs that they incurred in that proceeding. And that's what happened here. Has any other circuit construed? Yes. And I believe we cited the cases in our brief. And unfortunately, Your Honor, I don't have them at my fingertips. But I believe that there is circuit authority. And I believe that we did cite it in our brief with respect to this particular issue. I'd like to move on unless the Court has other questions under that. With respect to two of the parties here, the award was under the Court's inherent authority. That was ñ the parties are Mr. Tedder and Mr. Grammer. And the Court granted sanctions under the Court's inherent authority against Mr. Tedder and Mr. Grammer. The appellants have argued that under Lockery v. Kafetz, the Court did not have the authority to award the sanctions for the cost, again, of litigating the fee award. Lockery was decided under old Rule 11. Clearly, Lockery is no longer good law. This Court has so held in the case of Margolis v. Ryan, in which the Court upheld an award of fees for the litigating the fee award in a circumstance under both Rule 11 and the Court's inherent authority. So that case is no longer good law. Well, no, wait a minute. Wait a minute. It's no longer good law. It was dealing with Rule 11 where it did not authorize. Rule 11 then came along and was amended to do so. But we're not under Rule 11 in this case. We're under inherent authority. And the principle ñ why isn't the principle still the same? Lockery was actually a case under the Court's inherent authority. It's not a Rule 11 case. It cites Rule 11 by analogy to extrapolate that if Rule 11 does not permit the award of fees to litigate a fee award, then we shouldn't allow it here. And if you read Lockery, it's not a Rule 11 case. It's an inherent authority case. In Margolis v. Ryan, the case involved both an award of sanctions under both Rule 11 and the inherent authority. And the Ninth Circuit said Lockery is no longer good law. Rule 11 now clearly allows the award of fees for the cost of litigating the fee award and upheld an award of fees under that circumstance under both Rule 11 and the Court's inherent authority. And I have to say, too, when you read Judge Albert's 48-page opinion in this case, you recognize that this goes to the core of the Court's inherent authority. The Court has to, under its inherent authority, be able to control the proceedings before it. And Judge Albert's opinion is replete with findings that the conduct in this case was egregious, that it was deliberately dilatory. It was dilatory not just out of negligence or poor lawyering. It was dilatory for a purpose. There was a goal in mind in this case. And what occurred was extraordinary and should not have occurred. The Court has to, under those circumstances, have the ability to control the proceedings before it. It is inherent in the Court's authority. And I think it's important that the Court be able to exercise its authority as the way the Court did in this fashion, with a fee award that was imposed upon the parties who were responsible for the conduct. The final issue raised by the petitioners, which I'm just going to mention briefly, is the issue of punitive damages. Now, the petitioners argue that the ratio was out of whack because the Court didn't award any actual damages in the case, only punitive damages. Well, first, going back to the statute again, if you look at 303-I-2, the statute says, the Court may award against any petitioner that filed the petition in bad faith for, A, any damages proximately caused by such farming, or, B, punitive damages. Clearly, the Court can award one without the other or both, under the language of the statute. Constitutionally, the Supreme Court has held that there must be some reasonable ratio between damages and punitive damages, but the Supreme Court has specifically stated that in a circumstance where there are no or nominal damages, that ratio, the notion of single-digit ratio, doesn't apply. This Court said the same thing in the Mendez case. Mendez cases were a situation where the Court was awarded $1 in damages and $5,000 in punitive damages, and this Court upheld that award. Here, the Court didn't award a nominal dollar, but I don't think that that's a substantive difference. What the Court did do is award a very similar amount of punitive damages. Despite the tremendously egregious conduct and the very substantial damages in the form of attorney's fees that my client suffered. Can you remind me of how much money is involved here? Yes, the fee award in one of the cases was over $500,000. In the other case, it was over $200,000. And what the Court imposed as a punitive damage was basically $5,000 per petitioner, per case. There were 13 petitioning creditors, so that amounted to $65,000 in one case and $65,000 in the other case. So you see, even factually, the similarity here between this case and the Mendez case, which was a $5,000 punitive damage award against $1 in actual damages. I have to say, I think Judge Albert did an admirable job under the circumstances. It was obviously a very difficult case. It was a very difficult case to litigate. He spent 30 days in trial on the bad faith issues and went to the trouble of writing a 48-page opinion that details his findings in tremendous detail. The fee award was entirely justified, as were the punitive damages. I don't think any court would reach a different result. Thank you very much. Counsel, I would ask you one other question. Have you read our recent case of Sternberg v. Johnston? Yes, I have. How do you distinguish that our court's finding in Sternberg from this particular situation? Exactly on the basis we've been discussing. 362K is a sanctioned statute. Okay? 362K only applies, first of all, when there's been wrongful conduct. I mean, there has to have been a willful violation of the automatic stay in order for the court to award attorney's fees. Furthermore... Well, couldn't we say that the factors under which one should make the determination of dismissing this case is similar to 362K? No. No, I don't think so at all. In order to dismiss the petition, the court can dismiss the involuntary petition because there's a bona fide dispute, because the amount of the petitioning creditor's claim is not a sufficient amount. The court can dismiss the involuntary petition because the debtor is not found to have been not generally paying their debts as they come due. So there are a variety of just simple factual grounds that have... I mean, there's no wrongdoing involved, but the petitioner simply didn't meet the requirements of an involuntary petition. And yet, under that circumstance, under this fee-shifting statute, the court can grant attorney's fees to the alleged debtor. When you compare 362K, 362K only allows attorney's fees as a portion of a damage award. It says, the language of the statute, and I thought I had it here somewhere. It is an individual injured by any willful of the state shall recover actual damages, including costs and attorney's fees, and in appropriate circumstances may recover punitive damage. Thank you, Your Honor. Actual damages including costs and a reasonable attorney's fee. So you only get there if, one, there's been a wrongful act, a willful violation of the automatic stay. Two, the court finds that the attorney's fees are directly caused by the wrongful act, a willful violation of the automatic stay. So actual damages including reasonable attorney's fees. You've got that causation element as well. None of that is present in 303I. 303I is a very different statute which Congress clearly intended to send a message, and it's reflected in Vortex, Higgins v. Vortex. If you're going to file an involuntary petition, you better expect that if the petition is dismissed, you're going to be responsible for the other side's attorney's fees,  Thank you, Your Honor. Your Honor, I think counsel has misstated the Lockery case. The Lockery case was a Rule 11 case, and the case of subsequent so interpreted it. It also considered other sanctions awarded under inherent power. The portion of Lockery dealing with inherent power sanctions has never been questioned or overruled by anything that has transpired since then. Lockery remains binding authority, that an inherent power sanction cannot include an award of fees on fees. In this case, the two individuals were sanctioned, including fees on fees under the inherent power, and that aspect of the case, no matter however you address anything else, must be decided in the appellant's favor. Next, I find it interesting that in the trial court, both the district court judge and my learned friend opposing, found 362K a key analogy that was totally indistinguishable from this case, but now they seem to have changed their minds, be that as it may. On the key issue that you raised first of all, I want to leave you in my final eight seconds with one thought. There is a difference between a civil rights statute that says prevailing parties shall recover attorney's fees, with a judicial gloss that there may be exceptions, and a statute that says the court may award attorney's fees if the petitioner asks for it and if a particular factual standard is met, and that factual standard includes traditional elements of bad faith litigation conduct. That is a key and material difference. It's why this is a sanction statute. The fact that procedurally the burden of proof is on one side and not the other does not affect the factual substance of the findings necessary to trigger the sanction. I have nothing further to say, Your Honor. I thank you for your time. If you have any other questions, I'm happy to address them. I haven't had time to address punitive damage as much. Thank you. Thank you very much. The case just argued and submitted for decision. We'll hear the next case, which is Price v. Stossel.
judges: Schroeder, Fisher, Smith N. R.